350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962
phone: 973-267-0058
fax: 973-267-6442
www.cmg.law

CMG
Coughlin Midlige & Garland LLP

Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
phone: 212-483-0105
fax: 212-480-3899

Adam M. Smith, Esq.
Direct: (212) 612-4995
Email: asmith@cmg.law

Samantha L. Infermo, Esq.
Direct: (973) 631-6013
Email: sinfermo@cmg.law

May 11, 2026

**VIA ECF**
Hon. Renee Marie Bumb, U.S.D.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

**Re:** ***Zurich Am. Ins. Co. v. Crum & Forster Specialty Ins. Co.***
**C.A. No. 1:26-cv-00387**
**Request for Pre-Motion Conference**

Dear Chief Judge Bumb:

We represent Zurich American Insurance Company ("Zurich") in the above-referenced insurance coverage action. Zurich filed this action on January 13, 2026, seeking a declaration that Crum & Forster Specialty Insurance Company ("Crum & Forster") breached its duties to defend and indemnify Zurich's insured, Goodman Properties/Goodmill LLC ("Goodmill"), as an additional insured for the now-settled state court action *Steven Everett and Ann Everett, h/w v. Goodman Properties, LLC et al.*, CAM-L-112-21 (the "Underlying Action"). *See* Dkt. 1. On April 21, 2026, Crum & Forster filed an Amended Answer and asserted a Counterclaim against Zurich. Pursuant to Your Honor's Individual Rules and Procedures Section I(A), Zurich respectfully submits this request for a Pre-Motion Conference before Your Honor to obtain approval to file a Motion to Dismiss Crum & Forster's Counterclaim.

In the Underlying Action, Steven Everett alleged that he was injured on or around January 14, 2019, while emptying a dumpster dedicated to a Sonic Drive-In ("Sonic") located at the intersection of Route 47 and Union Lake Boulevard in Millville, New Jersey (the "Premises"). According to the Third Amended Complaint, Mr. Everett was performing duties pursuant to his employment with Waste Management of South Jersey ("Waste Management") when he was injured. Mr. Everett alleged that he was "caused to slip and fall on ice on the pavement" and "sustained diverse personal injuries of both a permanent and temporary nature […]" allegedly as a result of the acts and/or omissions of Qual-Fresh D/B/A Sonic Drive-In ("Qual-Fresh"), Brightview Landscapes, LLC ("Brightview"), Turfscapes, LLC ("Turfscapes"), Goodmill and 2162 North Second. In connection with the Underlying Action, Mr. Everett testified that his foot slipped on grease in addition to snow and that Sonic had a problem with grease overflowing out of a grease can inside of the enclosure where the dumpster was located.

2162 North Second responded to the Third Amended Complaint and asserted crossclaims against all co-defendants, including Goodmill, for contribution and indemnification. Goodmill responded to the Third Amended Complaint on or around October 1, 2021 and asserted crossclaims for contribution, indemnification, and contractual indemnification against the other defendants, including 2162 North Second.

The Underlying Action settled on or around August 2023. The parties agreed to dismiss the action, including the crossclaims for contractual indemnity, with prejudice. The Stipulation of Dismissal With Prejudice was filed on November 8, 2023.

Zurich intends to file a motion to dismiss Crum & Forster's Counterclaim because the Counterclaim seeks to re-litigate the contractual indemnity claims that were dismissed with prejudice in the Underlying Action. Crum & Forster's Counterclaim alleges: (1) Zurich was obligated to defend 2162 North Second pursuant to the terms of the Lease Agreement; (2) Zurich is obligated to indemnify 2162 North Second pursuant to the terms of the Lease Agreement; and (3) reimbursement for defense paid on behalf of 2162 North Second. The claims asserted in the Counterclaim are identical to the crossclaims in the Underlying Action that have already been adjudicated. Thus, dismissal of the Counterclaim is appropriate.

Previous coverage counsel for Crum & Forster acknowledged as much in a May 20, 2024 letter, which incorrectly accused Zurich of asserting the contractual indemnification claims that were dismissed with prejudice in connection with settlement of the Underlying Action. Counsel suggested that the nature of Zurich's demand pursuant to contractual indemnification was "frivolous" and "inappropriate." Zurich clarified in its response letter that its demand did not pertain to 2162 North Second's contractual indemnity obligations to Zurich's insured, but rather to Crum & Forster's additional insurance obligations to Goodmill pursuant to the terms of the Crum & Forster insurance policy. By filing the Counterclaim, Crum & Forster now attempts to assert contractual indemnity claims that it previously recognized as "frivolous" and "inappropriate."

* * *

If permitted to proceed with the proposed Motion to Dismiss, Zurich intends to submit an affidavit of counsel authenticating and attaching true and correct copies of the following exhibits: (1) the pleadings from the Underlying Action necessary to identify the contractual indemnity crossclaims that were asserted and subsequently dismissed; (2) the Stipulation of Dismissal With Prejudice filed in connection with the Underlying Action; and (3) relevant coverage correspondence, including Crum & Forster's May 20, 2024 letter acknowledging the contractual indemnity claims as dismissed with prejudice. The proffered materials are intended solely to demonstrate that the contractual claims forming the basis of Crum & Forster's Counterclaim were resolved and dismissed with prejudice.

Coughlin Midlige & Garland LLP



Accordingly, Zurich respectfully requests a Pre-Motion Conference to address the requested dismissal Crum & Forster's Counterclaim.

We look forward to discussing these matters with the Court at the Pre-Motion Conference.

Respectfully submitted,

*/s/ Adam M. Smith, Esq.*
Adam M. Smith, Esq.

cc: All Counsel of Record via ECF